IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WATERFORD CROSSINGS APARTMENTS | ) ) ) | |
| v. | ) ) | NO. 3:18-0131 |
| LATOSHA NICHOLE TIPTON and EUGENE TIPTON | ) ) ) | |

TO: Honorable William L. Campbell, Jr., District Judge

# REPORT AND RECOMMENDATION

By Order entered February 22, 2018 (Docket Entry No. 5), the Court referred this case to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

On February 9, 2018, LaTosha Nichole Tipton removed this case to this Court from the General Sessions Court for Davidson County, Tennessee. *See* Notice of Removal (Docket Entry No. 1). Presently pending is the motion of Waterford Crossing Apartments to remand and/or dismiss the case. *See* Docket Entry No. 6. For the reasons set forth below, the undersigned Magistrate Judge respectfully recommends that the motion for remand be granted and that this case be remanded to the General Sessions Court for Davidson County, Tennessee.

## I. BACKGROUND

On January 18, 2018, Waterford Crossing Apartments ("Waterford Crossings") sought a detainer warrant against LaTosha Nichole Tipton and Eugene Tipton in the General Sessions Court for Davidson County, Tennessee, related to an apartment located at 2921 Old Franklin Road, Apt. 621, Cane Ridge, Tennessee ("the State Court Action"). *See* Docket Entry No. 1-2 at 2. Attached to the Notice of Removal is a lease contract between LaTosha Tipton and Waterford

Crossing for the apartment. *See* Docket Entry No. 1-5. After the Tiptons failed to appear at a hearing in the State Court Action on January 31, 2018, the state judge found them in default. *See* Docket Entry No. 1-2 at 2.

Latosha Tipton thereafter filed a *pro se* Notice of Removal on February 9, 2018. *See* Docket Entry No. 1. Although the Notice of Removal states that removal is brought by both Latosha Tipton and Eugene Tipton, the Notice is signed by only Latosha-Nichole Tipton. *Id*. LaTosha Tipton asserts in the Notice of Removal that removal is brought pursuant to 28 U.S.C. § 1441(b), which refers to removal based on diversity of citizenship. However, this reference appears to be a typographical error because there are no allegations in the Notice of Removal pertaining to diversity jurisdiction and no reference to 28 U.S.C. § 1332, which provides for original federal jurisdiction on the basis of diversity of citizenship. Instead, the Notice of Removal asserts that the State Court Action is being removed because this Court has original jurisdiction over the state court action under 28 U.S.C. § 1331 due to a federal question. Specifically, the Notice of Removal states that original federal question jurisdiction exists because the state court action "arises under a treaty of the United States, commonly referred to as the United Nations Convention on Contracts for the International Sale of Goods." *Id*.

Subsequent to removal of the action, Waterford Crossings moved on February 23, 2018, to remand or dismiss the action. *See* Docket Entry No. 6. Waterford Crossings raises three arguments: (1) the Notice of Removal is not signed by Eugene Tipton and Latosha Tipton is not an attorney who can represent Eugene Tipton; (2) this Court does not have either original federal question jurisdiction or diversity jurisdiction over the State Court Action because the State Court Action pertains to only matters of state law and because the requirements for diversity of citizenship have not been shown; and (3) the instant action is essentially an impermissible attempt by Latosha Tipton to seek review of the final judgment entered in the State Court Action and is barred by the *Rooker-Feldman* doctrine. Waterford Crossings requests an order remanding the case back to the state court or dismissing the case, an order "noting that the underlying state court judgment for possession of the

property as to Eugene Tipton is a valid, final judgment," *id*. at 1, and an award of attorney's fees and costs related to its defense of the frivolous and meritless removal.

Local Rule 7.01(b) provides that a response to the motion of Waterford Crossings is due no later than fourteen (14) days after service of the motion. However, LaTosha Tipton has not filed a response to the motion of Waterford Crossings. Local Rule 7.01(b) also provides that failure to file a timely response "shall indicate that there is no opposition to the motion."

## II. SUBJECT MATTER JURISDICTION AND REMAND

The motion to remand should be granted and this case should be remanded back to the state court from which it was removed. This Court has no subject matter jurisdiction to hear the case.

The district courts of the United States are courts of limited jurisdiction and possess only that power authorized by the Constitution and by statute. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). The issue of the Court's subject matter jurisdiction to hear a case is a threshold issue that may be reviewed by the Court at any time. *See New Hampshire Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420, 423 (6th Cir. 2009); *Nagalingam v. Wilson, Sowards, Bowling & Costanzo*, 8 Fed.App'x. 486, 487, 2001 WL 493392 (6th Cir. May 1, 2001); *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998). With respect to a removed action, the Court must remand a case if it appears at any time before final judgment that the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

An action may be removed from state court to federal court pursuant to 28 U.S.C. § 1441 only if the action filed in state court presents a federal question or demonstrates diversity of citizenship between the parties and, thus, is an action over which the federal court would have original jurisdiction. See 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). As the party invoking federal jurisdiction through removal, LaTosha Tipton bears the burden of proving that a proper basis for removal exists. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *B & B Enters. of Wilson Cnty., LLC v. City of Lebanon*, 422 F.Supp.2d 903, 904-05 (M.D. Tenn. 2006). In reviewing a motion for remand, all

3

questions of fact and ambiguities in the law will be resolved in favor of the non-removing party. *See Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

LaTosha Tipton has not satisfied her burden of showing a basis for removal. To establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1), the opposing parties must be citizens of different states. *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 829, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). Citizenship for purposes of the diversity statute is synonymous with a party's domicile. *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968). Although LaTosha Tipton refers in her Notice of Removal to removal on the basis of diversity pursuant to 28 U.S.C. § 1441(b), she has not shown that diversity jurisdiction exists.

Furthermore, although the Notice of Removal also refers to original federal question jurisdiction, there is no basis upon which to conclude that the underlying State Court Action asserts a federal question that would support federal question jurisdiction. It is well settled that the grounds for removal of an action may be based only on the face of the underlying state court complaint which is sought to be removed. *Caterpillar*, *supra*; *Collins v. Blue Cross Blue Shield of Mich.*, 103 F.3d 35, 36–38 (6th Cir. 1996). The detainer warrant proceeding initiated by Waterford Crossings in the state court is purely a matter of state law that does not raise a federal claim or question. The assertion by LaTosha Tipton that the State Court Action arises under a treaty of the United States, specifically the "United Nations Convention on Contracts for the International Sale of Goods" does not prevent remand of the case. While such a treaty exists, Latosha Tipton has not shown how the treaty applies to the state court detainer action and her contention that federal question jurisdiction supporting removal arises from this brief reference to the treaty is nonsensical. "Merely referring to a federal statute, however, does not establish federal jurisdiction if the dispute does not involve 'a substantial question of federal law.'" *Ford v. Hamilton Inv., Inc.*, 29 F.3d 255, 258 (6th Cir. 1994) (*citing Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). *See also Bedford Associates v. Coleman*, 2016 WL 6947017 at *2 (N.D. Ohio Nov. 28, 2016) ("defendants' Notice of Removal is nonsensical and does not clearly set forth a valid basis for an exercise of federal subject-matter jurisdiction.").

Additionally, the Court notes a defect in the removal that is unrelated to the lack of subject matter jurisdiction but likewise warrants remand. Despite the assertion in the Notice of Removal that Eugene Tipton joins in the Notice of Removal, he neither signed the Notice nor subsequently filed notice of his consent to removal. Removal under 28 U.S.C. § 1441(a) requires unanimity among the defendants. 28 U.S.C. § 1446(b)(2)(A). "This rule of unanimity demands that all defendants must join in a petition to remove a state case to federal court." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533-34 n. 3 (6th Cir. 1999)).

Given the clear and obvious conclusion that there is no basis for removal of the State Court Action to the federal court, the Court declines to address either Waterford Crossings' request for an order "noting" the validity or finality of the judgment entered in the Davidson County General Sessions Court or its assertion that the *Rooker-Feldman* doctrine applies. The Court likewise declines to award attorney's fees and costs as requested by Waterford Crossings even though such an award is permissible under 28 U.S.C. § 1447(c).

**RECOMMENDATION**

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion of Waterford Crossing Apartments to remand be GRANTED and that this case be summarily remanded to the General Sessions Court for Davidson County, Tennessee pursuant to 28 U.S.C. § 1447(c).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any

other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

                                       Respectfully submitted,

                                       BARBARA D. HOLMES
                                       United States Magistrate Judge